IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Larnardo Kendall Acker,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:10cv1409 (LO/IDD) |
| | ) |
| S. Randolph Sengel,<br>    Respondent. | )<br>) |

MEMORANDUM OPINION

Larnardo Kendall Acker, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for three counts of larceny in the Circuit Court for the City of Alexandria, Virginia. On August 22, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Alexandria, Virginia. On January 8, 2009, petitioner was sentenced to six years incarceration with all but twenty four months suspended; however, his case was continued for review to allow sentencing of the petitioner on a conviction he received in Arlington as well as a probation violation in Alexandria. Commonwealth v. Acker, No. CF08001315. The Alexandria Circuit Court determined review was appropriate because it was inclined to sentence petitioner to a drug

treatment program instead of incarceration if he was not sentenced to incarceration for his Arlington conviction and Alexandria probation violation. After several more continuances, the case was removed from the docket because petitioner was sentenced to active incarceration in Arlington and drug treatment was no longer available to him. Petitioner did not appeal his conviction.

On April 13, 2010, petitioner filed a state petition for writ of habeas corpus in the Circuit Court for the City of Alexandria, raising the following claims:

> (1) Violation of the First Amendment.
>
> (2) Violation of the Sixth Amendment.
>
> (3) Ineffective Assistance of Counsel in that petitioner's motion for reconsideration of sentence was taken off the docket without any explanation or his presence.

The petition was denied and dismissed on June 22, 2010. Acker v. Sengel, R. No. CL10-00298. Petitioner did not notice an appeal of this decision. On November 22, 2010, petitioner timely filed the instant federal petition raising claims identical to those raised in his state habeas proceeding.[1]

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a

---

[1] For pro se prisoners a petition is deemed filed when the prisoner places it in the prison mailing system. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, it is unclear on which day the petition was placed in the prison mailing system, however, the letter petitioner submitted with the instant petition is dated November 22, 2010. Therefore, the petition will be deemed filed on November 22, 2010.

general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray,

518 U.S. at 162). A petitioner may nonetheless overcome procedural default and have his claim addressed on the merits by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 592, 602 (4th Cir. 1996).

    Here, petitioner failed to exhaust his claims because he did not present them to the Supreme Court of Virginia on either direct appeal or state habeas review. Although petitioner did file a state habeas petition in the Alexandria Circuit Court, he did not appeal its dismissal to the Supreme Court of Virginia; therefore, his claims are unexhausted. Furthermore, his unexhausted claims would now be procedurally barred under Virginia Code § 8.01-654(B)(2), which requires state petitions for habeas corpus to "contain all allegations the facts of which are known to the petitioner at the time of filing" and bars successive habeas petitions containing such allegations. Thus, all of petitioner's claims must be treated as simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

    Petitioner appears to allege two grounds for cause and prejudice in a document captioned "Show Cause Affidavit" filed on January 12, 2011. ECF No. 14. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988).

    Here, petitioner first argues that he did not file an appeal from the Alexandria Circuit Court's denial of his state habeas petition because he was housed in a correctional facility that

was under lockdown and did not have a law library. ECF No. 14 at 1. However, lack of access to a law library is not sufficient to establish cause for petitioner's procedural default. Although prisoners maintain the constitutional right of access to the courts, that right does not necessarily include the right to be housed in a facility with a law library. Bounds v. Smith, 430 U.S. 817 (1977); Strickler v. Waters, 989 F.2d 1375, 1385 (4th Cir. 1993). To withstand constitutional scrutiny, an institution must provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions. Bounds, 430 U.S. 817 (1977); Younger v. Gilmore, 404 U.S. 15 (1971). In this case, according to petitioner's own affidavit, an institutional attorney visited his place of confinement "once per month." ECF No. 14 at 1. Therefore, petitioner's institution met its constitutional obligation to provide petitioner with his right of access to the courts. The fact that his institution did not have a law library is insufficient to demonstrate cause for petitioner's procedural default. Because petitioner failed to demonstrate cause sufficient to excuse his procedural default, the Court need not consider the issue of prejudice. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir.), cert. denied, 517 U.S. 1171 (1996).

Petitioner next argues that his procedural default should be excused because the "eleven and half [sic] months of continuances ran through my one (1) year limit to file in the Virginia Supreme Court." ECF No. 14 at 1. It is unclear why petitioner believes that his failure to file a direct appeal of his conviction due to the continuances excuses his failure to file an appeal from the denial of his state habeas petition. Regardless, this does not constitute cause sufficient to excuse petitioner's default. Virginia Supreme Court Rule 5:5(a) states that "the times prescribed for filing the notice of appeal . . . are mandatory." Furthermore, 5:5(b) provides that the "time

period for filing the notice of appeal is not extended by the filing of a motion for new trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended." Thus, the continuance for review did not extend petitioner's time to notice an appeal. Furthermore, the December 3, 2009 Order removing petitioner's case from the docket did not modify, vacate, or suspend the final judgment which took effect on January 8, 2009. Accordingly, petitioner was required to note an appeal by February 9, 2009, but he failed to do so. The fact that petitioner's unfamiliarity with the law may have been the reasons petitioner failed to file an appeal does not establish cause sufficient to excuse procedural default. Cf. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). The Court need not consider the issue of prejudice because the petitioner has failed to demonstrate cause. See Kornahrens, 66 F.3d at 1359. Accordingly, this petition must be dismissed as procedurally defaulted. As such, the Court declines to reach the merits of petitioner's claims.

### III. Outstanding Motions

Also before the Court are petitioner's Motion for Extension of Time Denied, Motion for Subpoena Request, and two Motions for Summary Judgment. Because the respondent's Motion to Dismiss will be granted, petitioner's Motion for Extension of Time Denied and Motion for Subpoena Request will be denied as moot. Furthermore, the Motions petitioner captioned as Motions for Summary Judgment, which he filed before the respondent's filed an Answer, are not actual Motions for Summary Judgment. Rather, they are merely recitations of allegations in the complaint, along with petitioner's requested relief, and copies of various court documents. See ECF No. 17, 18. As such, because the respondents Motion to Dismiss will be granted, these Motions for Summary Judgment must also be dismissed.

## III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted and this petition must be dismissed as procedurally defaulted. An appropriate Order shall issue.

Entered this 13th day of January 2012.

Alexandria, Virginia

/s/ *(signature)*
Liam O'Grady
United States District Judge